IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADAM STREGE,

        Plaintiff,

vs.                                                                                             No. CIV 23-0816 JB/GBW

GMAIL-GOOGLE; NEWFOLD DIGITAL 80
WEBSITE HOSTING COMPANIES; SPAM
TITAN TITANHQ.COM; MICROSOFT
CORPORATION; LEXISNEXIS; PEOPLE ON
TRILLION, TRILLION, TRILLION,
TRILLION, TRILLION, TRILLION,
TRILLION, TRILLION, TRILLION,
TRILLION TIMES A TRILLION PLANETS;
GOD LOVES US; GOD HATES US, and
GOD LOVES COMPLETELY,

        Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Memorandum Opinion and Order, filed October 2, 2023 (Doc. 5)("MOO"); and (ii) the Plaintiff's Motion District Court Judge consider [sic] Adam Strege objections [sic] to Magistrate Judge Order, filed October 13, 2023 (Doc. 9)("Objections"). Plaintiff Adam Strege is proceeding pro se. In the MOO, the Honorable Gregory B. Wormuth, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Strege to file an amended complaint. See MOO at 5. Strege filed Objections to the MOO. See Objections at 1. The Court will: (i) overrule Strege's Objections; and (ii) order Strege to file a second amended complaint within fourteen days of this Memorandum Opinion and Order's entry.

**PROCEDURAL BACKGROUND**

In September, 2023, Strege commenced this litigation. See Complaint, filed September 19, 2023 (Doc. 1)("Complaint"). After reviewing the Complaint, Chief Magistrate Judge Wormuth stated:

> The Complaint, which is largely unintelligible, contains allegations regarding God, email, semen, Covid 19, nuclear missiles, World Trade Center Collapse, World War II holocaust, and other topics. Plaintiff appears to assert claims for violations of his constitutional rights regarding speech and religion pursuant to 42 U.S.C. § 1983 and for violation of 15 U.S.C. § 7704 which prohibits sending emails with false or misleading information. See Complaint at 2.
>
> The Complaint should be dismissed because it fails to state a claim upon which relief can be granted. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Complaint does not contain the factual allegations necessary to state a claim against each Defendant as described in *Nasious*.
>
> Furthermore, the Complaint does not contain factual allegations showing that the Court has personal jurisdiction over the Defendants which include "People on Trillion[s of other] Planets." Complaint at 1; *see Dental Dynamics, LLC v. Jolly Dental Group, LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (plaintiff bears burden of establishing personal jurisdiction).

MOO at 1-2. Chief Magistrate Judge Wormuth ordered Strege to file an amended complaint. See MOO at 5.

Strege then amended his Complaint. See Amended Complaint, filed October 3, 2023 (Doc. 6)("Amended Complaint"). It appears that Strege did not file his Amended Complaint in response to Chief Magistrate Judge Wormuth's MOO, because Strege filed his Amended Complaint by mailing it to the Clerk of Court and the Clerk received the Amended Complaint the day after Chief Magistrate Judge Wormuth entered his MOO.

Strege's Objections states in its entirety:

> Motion District Court Judge consider Adam Strege objections to Magistrate Judge Order a 2nd Amended Complaint clearly erroneous and contrary to law The DC Supreme Court and Tenth Circuit court twice remanded Adam Strege 2 cases to the Lower Court so its Abuse of Discretion the Las Cruceses [sic] District Court wants and 2d Amended Complaint
>
> Rule 72 The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to

Objections at 1. To his Objections, Strege attaches two letters: (i) Letter from Christopher M. Wolpert, Clerk of Court for the United States Court of Appeals for the Tenth Circuit, to Jeffrey P. Colwell, United States District Court for the District of Colorado, Office of the Clerk (dated July 12, 2021), filed October 13, 2023 (Doc. 9)("2021 Letter"); and (ii) Letter from Christopher M. Wolpert, Clerk of Court for the United States Court of Appeals for the Tenth Circuit, to Jeffrey P. Colwell, United States District Court for the District of Colorado, Office of the Clerk (dated April 12, 2022), filed October 13, 2023 (Doc. 9)("2022 Letter"). The 2021 Letter references "20-1414, Strege v. Commissioner, SSA, Dist/Ag docket: 1:20-CV-03084-LTB;" the 2022 Letter references "21-1311, Strege v. Commissioner, SSA, Dist/Ag docket 1:20-CV-03084-LTB." Objections at 2-3. Both letters state "the Tenth Circuit's mandate in the above-referenced appeal issued today . . . [J]urisdiction is transferred back to the lower court/agency." Objections at 2-3.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court, however, will not "assume the role of advocate for the pro se litigant."

Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## ANALYSIS

Having carefully reviewed Chief Magistrate Judge Wormuth's MOO, Strege's Objections, and the relevant law, the Court will overrule the Objections and order Strege to file a second amended complaint.  Rule 72(a) of the Federal Rules of Civil Procedure states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).  See 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Lowrey v. Sandoval Cnty. Child. Youth & Fams. Dep't, 2023WL4560223, at *2 (10th Cir. July 17, 2023)("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause.")(citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).  A district court is

> required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law." *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir. 1997)(citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Grimes v. City & County of San Francisco,* 951 F.2d 236, 240 (9th Cir.1991)).  Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 . . . (1948)).

Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006).

Strege states that Chief Magistrate Judge Wormuth's MOO is clearly erroneous and contrary to law, and argues that Chief Magistrate Judge Wormuth abused his discretion because the United States Court of Appeals for the Tenth Circuit transferred jurisdiction of two of Strege's cases, which Strege filed in the District of Colorado, to the District of Colorado.  See Objections at 1.  Strege has not demonstrated how those cases are relevant to Chief Magistrate Judge Wormuth's decision in this case.  Chief Magistrate Judge Wormuth correctly concludes that the Complaint fails to state claims, because it does not contain factual allegations explaining "what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right the plaintiff believes the defendant violated."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. J. Ctr., 492 F.3d 1158, 1163 (10th Cir. 2007). Having reviewed Chief Magistrate Judge Wormuth's MOO, Strege's Objections, and the relevant law, the Court will overrule Strege's Objections, because the Court is not left with definite and firm conviction that Chief Magistrate Judge Wormuth committed a mistake in ordering Strege to file an amended complaint.  The Court will order Strege to file a second amended complaint addressing the deficiencies Chief Magistrate Judge Wormuth identifies in his MOO.

**IT IS ORDERED** that: (i) the Plaintiff's Motion District Court Judge consider [sic] Adam Strege objections [sic] to Magistrate Judge Order, filed October 13, 2023 (Doc. 9), is overruled; and (ii) Strege's second amended complaint is due within fourteen days of this Memorandum Opinion and Order's entry.

        _____
        UNITED STATES DISTRICT JUDGE

*Parties:*

Adam Strege
Las Cruces, New Mexico

    *Plaintiff pro se*